JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
Abigail A. Zelenski (SBN 228610)
David Zelenski (SBN 231768)
Christine M. Pham (SBN 278247)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
michael@jlglawyers.com
abigail@jlglawyers.com
david@jlglawyers.com
christine@jlglawyers.com
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff John Luna*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN LUNA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB, a Nevada corporation,<br><br>Defendant. | Case No. CV 14-607<br><br>**CLASS-ACTION COMPLAINT**<br><br>1. Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227<br><br>**DEMAND FOR JURY TRIAL** |

***INTRODUCTION***

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff JOHN LUNA brings this class action on behalf of himself and all others similarly situated against SHAC, LLC dba Sapphire Gentlemen's Club, a Nevada corporation.

2. This class action seeks relief for claims arising from Defendant's violation of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227, through Defendant's unwanted cellular telephone contact of California consumers. Specifically, Defendant has violated the TCPA by sending unsolicited text messages that advertise its products and/or services—entertainment events—to unwilling consumers, invading their right to privacy.

3. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff and Class Members are entitled to, *inter alia*, statutory damages, injunctive relief, and attorney's fees for Defendant's violations.

***JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT***

4. ***Jurisdiction***. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331. Again, this action arises from a violation of the federal TCPA.

5. ***Venue***. As alleged more particularly below, venue is proper in the United States District Court for the Northern District of California because the harm, as well as the unlawful acts and omissions, alleged herein occurred within the County of Santa Clara.

6. ***Intradistrict Assignment***. As alleged more particularly below, assignment of this action to the San Jose Division is proper because this action arises in the County of Santa Clara.

***PARTIES***

7. Plaintiff is, and at all times relevant to this action was, a California resident of the County of Santa Clara. He is, and at all times relevant to this action was, a "person" as defined under 47 U.S.C. § 153.

8. Plaintiff is informed and believes, and based thereon alleges, that Defendant is a Nevada corporation with its principal place of business at 3025 South Industrial Road, Las Vegas, Nevada 89109. Plaintiff is informed and believes, and based thereon alleges, that Defendant is authorized to conduct business, and does conduct business, within the State of California. Plaintiff is informed and believes, and based thereon alleges, that Defendant is, and at all times relevant to this action was, a

corporation and a "person" as defined under 47 U.S.C. § 153. Defendant conducts business within the County of Santa Clara.

## *GENERAL ALLEGATIONS*

9. On or around January 22, 2014, Plaintiff received an unsolicited text message on his cellular telephone (telephone number (---) --- – 4530) from Defendant. At the time that the text message was received, Plaintiff was in the City of San Jose, County of Santa Clara. Plaintiff had never given any signed authorization to Defendant explicitly permitting Defendant to use his cellular telephone number for telemarketing or advertising purposes. The text message stated:

> -SAPPHIRE- Hosts the BIGGEST & SEXIEST UFC/SUPER SUNDAY WEEKEND IN LV! Food, Raffles , Prizes & Half Time $1 Dances. 4 more info click http://bit.ly/slvsupersun

10. The text message did not provide Plaintiff with an option to stop receiving messages. Again, at no time prior to receiving the text message did Plaintiff authorize or give signed permission to Defendant explicitly permitting Defendant to use his cellular telephone number for telemarketing or advertising purposes.

11. Plaintiff's cellular telephone number is linked to a subscription plan under which he is charged each month for cellular-telephone and data services.

12. Plaintiff is informed and believes, and based thereon alleges, that Defendant entered his cellular telephone number into a database and subsequently used equipment capable of storing and/or producing telephone numbers, as well as capable of dialing such numbers, to send the text message *en masse* to consumers, including Plaintiff. Indeed, given the sheer volume of generic text messages sent to the public—as described in paragraph 13, *infra*—Defendant could only send such messages using such automated equipment.

13. As is apparent from the text message itself, the text message was sent without an emergency purpose; instead, it was sent for the purposes of advertisement or telemarketing to encourage the purchase of goods and entertainment services at Defendant's establishment. Plaintiff is informed and believes, and based thereon alleges, that Defendant sent the above text message, as well as thousands of similar, generic text messages, to the cellular telephones of members of the general public using the equipment referenced in paragraph 12, *supra*. In addition, Plaintiff is informed and believes,

and based thereon alleges, that Defendant continues to send thousands of similar, generic text messages to the cellular telephones of members of the general public using that equipment. Plaintiff is further informed and believes, and based thereon alleges, that Defendant never obtained signed authorizations explicitly permitting telemarketing or advertising messages from any of the individuals to whom these text messages were sent. Similarly, Plaintiff is informed and believes, and based thereon alleges, that none of these text messages provided a stop code or any other opportunity for the recipients to reject or prevent future messages from being placed to their cellular telephone numbers.

***CLASS-ACTION ALLEGATIONS***

14. Plaintiff seeks to represent the following Class under Rule 23 of the Federal Rules of Civil Procedure: All persons throughout the United States who, since October 16, 2013, received one or more text messages from Defendant. Plaintiff reserves the right to amend or modify the proposed Class, or to propose subclasses or limitations to particular issues, in response to facts later ascertained.

15. ***Numerosity***. The identities of Class Members may be ascertained from Defendant's own business and marketing records, as well as the records of Defendant's telephone provider(s). Joinder of all Class Members would be impracticable due to the sizeable number of such Members and their likely lack of resources to initiate individual claims. Plaintiff estimates that the total number of Class Members exceeds 1,000 people, given the number of tourists who visit the City of Las Vegas each year, as well as Defendant's own claim that it is "the world's largest Las Vegas Strip club." <u>See</u> www.sapphirelasvegas.com (last visited February 7, 2014). Also, as explained below, the amount that is owed to any given Class Member under the TCPA is relatively small, making it impractical for them to bring their own individual suits.

16. ***Commonality***. There are questions of law and fact that are common to the Class that predominate over any questions affecting only individual Class Members. These common questions include, without limitation:

a) Whether Defendant's text messages constitute telemarketing or advertising within the meaning of the TCPA and its regulations (quoted below);

b) Whether the equipment that Defendant used to send the text messages constitutes an automatic telephone dialing system within the meaning of the TCPA and its regulations;

c) Whether Defendant was required under the TCPA and its regulations to secure prior express written consents from the text-message recipients; and

d) Whether Defendant's outright failure to secure any prior express written consents constitutes willful and knowing behavior within the meaning of the TCPA and its regulations.

17. ***Typicality***. Plaintiff's claims are typical of those of the Class because he received a telemarketing or advertising text message from Defendant after October 16, 2013; he never provided prior express written consent to receive the text message; and the text message was sent to him using the same equipment that Defendant used to send text messages to all Class Members.

18. ***Adequacy***. Plaintiff will fairly and adequately represent and protect the interests of the Class. He does not have any conflicts with Class Members, and he plans on pursuing the litigation vigorously. He has the same interests as those of the Class, and he has retained counsel who are competent and experienced in class-action litigation. In addition, he has been actively involved in the litigation, he will continue to participate and be available for the duration of the litigation, and he understands the fiduciary duties that he holds to the Class.

19. ***Superiority***. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Again, the individual joinder of all Class Members is impracticable because of the relatively small recovery amounts at stake and the relative lack of resources available for individual Class Members vis-à-vis the large corporate Defendant. Additionally, the judicial system would be burdened with multiple trials of the same issues, and the potential for inconsistent or contradictory judgments would increase. The common questions detailed above, in fact, predominate in this action, as Class Members' claims arise out of the same course of conduct to which Plaintiff was himself subject. A class action would therefore conserve the resources of the parties and the Court while protecting the rights of Class Members. Defendant's conduct as described above is unlawful, continuing, capable of repetition, and will continue unless restrained and enjoined by the Court. Moreover, it is a matter of public interest to obtain definitive answers to the legality of Defendant's actions in a single case.

/ / / / /

***FIRST CLAIM FOR RELIEF***

*Violation of the TCPA*

*47 U.S.C. § 227*

20. Plaintiff re-pleads, re-alleges, and incorporates by reference each and every allegation set forth in this Complaint.

21. The United State Congress enacted the TCPA in order to protect and balance individual privacy rights against legitimate telemarketing practices. In enacting this statute, Congress found:

> (1) The use of the telephone to market goods and services to the home and other businesses is now pervasive due to the increased use of cost-effective telemarketing techniques.
>
> . . . .
>
> (10) Evidence compiled by the Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy.
>
> (11) Technologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.
>
> (12) Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Telephone Consumer Protection Act of 1991, PL 102–243, December 20, 1991, 105 Stat 2394.

22. The TCPA specifically prohibits automated calls or messages to consumers' cellular telephone numbers without the express consent or permission of the consumers:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a . . . cellular telephone service . . . .

47 U.S.C. § 227(b)(1). According to the Ninth Circuit, a text message is a "call" within the meaning of the TCPA. Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 954 (9th Cir. 2009).

23. Under the relevant regulation, effective October 16, 2013, "prior express consent" as used in subsection (b)(1)(A)(iii) of the TCPA means "prior express *written* consent" for all telemarketing or advertising messages. 47 C.F.R. § 64.1200(a)(2) (emphasis supplied). Such consent must be signed by the consumer, must state that the consumer is agreeing to receive future telemarketing

or advertising messages, and must be executed independent of any purchase of goods or services. Id. § 64.1200(f)(8).

24. The foregoing acts and omissions of Defendant constitute a direct violation of the TCPA.

25. The TCPA establishes a private right of action for sending unauthorized messages to consumers:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3). Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and Class Members are entitled to an award of $500 in statutory damages for each and every text message that they received. Moreover, because Defendant willfully and knowingly violated the TCPA as alleged above, Plaintiff and the Class are entitled to treble damages. Finally, pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff and the Class are entitled to injunctive relief.

/ / / / /

***PRAYER FOR RELIEF***

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. An order certifying the Class under Federal Rule of Civil Procedure 23;

2. With respect to the first claim for relief, that the Court enter judgment in favor of Plaintiff and the Class for the period of time since October 16, 2013, for statutory treble damages, as well as for injunctive relief;

3. An award of pre-judgment and post-judgment interest, to the extent allowable by law;

4. An award of attorney's fees and costs of suit, to the extent allowable by law; and

5. Such further relief as the Court deems fit and proper.

Dated: February 7, 2014

JAURIGUE LAW GROUP
/s/ *David Zelenski*
Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Christine M. Pham
*Attorneys for Plaintiff*

***DEMAND FOR JURY TRIAL***

Plaintiff requests a trial by jury as to all claims for relief.

Dated: February 7, 2014

JAURIGUE LAW GROUP
/s/ *David Zelenski*
Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Christine M. Pham
*Attorneys for Plaintiff*