MARK FERRARIO
California Bar No. 104062
TYLER R. ANDREWS
California Bar No. 250686
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
ferrariom@gtlaw.com
andrewst@gtlaw.com
*Counsel for Defendant SHAC, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JOHN LUNA, individually and on behalf of all others similarly situated,

Plaintiffs,

*vs.*

SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB, a Nevada corporation,

Defendant.

Case No.5:14-cv-00607-HRL

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS**

Date: Tuesday May 13, 2014

Time: 10:00 a.m.

Dept.: Courtroom 2, 5th Floor

Judge: Honorable Howard R. Lloyd

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 13, 2014 at 10:00 a.m., or as soon thereafter as this case may be heard, Defendant SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB by and through their attorneys of record, the law firm of GREENBERG TRAURIG, LLP, hereby moves this Court for an order dismissing this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Motion").

This Motion is based upon the pleadings and papers on file herein, the following Memorandum of Points and Authorities, and any and all oral arguments allowed by this Court at the time of hearing.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff's class-action complaint (the "Complaint") must be dismissed because this Court lacks personal jurisdiction under Defendant SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB ("Defendant"). SHAC lacks sufficient minimum contacts with the State of California, and therefore holding SHAC under the jurisdiction of this Court would be unreasonable. Plaintiff's Complaint admits that Defendant SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB ("SHAC") is a Nevada corporation with its principal (and only) place of business in Las Vegas, Nevada. *See* Complaint at ¶ 8. Further, Defendant's affidavit clearly indicates that SHAC does not conduct any business, own any property, hold any bank accounts, or engage in any advertising in the State of California during the time period in dispute. *See* Affidavit of Peter Feinstein, attached hereto as **Exhibit 1** at ¶¶ 5-10.

In the alternative, Plaintiff's Complaint should be transferred to the District of Nevada, as Nevada is the only appropriate forum with unquestionable jurisdiction over both parties and the subject matter of this dispute.

## II. BACKGROUND

### A. GENERAL BACKGROUND

Plaintiff John Luna allegedly received an unsolicited text message from SHAC on his cell phone on January 22, 2014, while allegedly residing in the City of San Jose, County of Santa Clara, California. *See* Complaint at ¶ 9. Plaintiff claims that this text message violated 47 U.S.C. § 227 – the Telephone Consumer Protection Act (the "TCPA"). *Id.* at ¶ 2. Plaintiff also alleges that Defendant used automated equipment to send text messages *en masse* to consumers, and that Defendant continues to send thousands of similar, general text messages to members of the general public using this equipment. *Id.* at ¶¶ 12-13. Plaintiff seeks to certify a class action including "[a]ll persons throughout the United States who, since October 16, 2013, received on or more text messages from Defendant. *Id.* at ¶ 14.

/ / /

/ / /

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**B. FACTS RELEVANT TO THE JURISDICTIONAL INQUIRY**

SHAC is Nevada limited-liability company with its principal – and only – place of business in Las Vegas, Nevada. *See* Complaint at ¶ 8; *see also* Exhibit 1 (Affidavit of Peter Feinstein) at ¶ 4. SHAC does not conduct any business within the State of California. *See* Exhibit 1 at ¶ 5. SHAC did not advertise or intentionally solicit business from the State of California during any time between October 16, 2013 to present (the date at which Plaintiff's Complaint seeks to certify the Class). *Id.* at ¶ 6. SHAC does not own real or personal property in the State of California nor does it maintain any bank accounts in the State of California. *Id.* at ¶¶ 8-9.

Indeed, even if Plaintiff's allegations held merit, and even if SHAC delivered text messages to certain individuals, such messages would disseminate from a static database of customers and individuals who had first made contact with SHAC in Nevada, and therefore SHAC lacks any direct knowledge of the forum states of any persons in the database which may have allegedly received text messages. *Id.* at ¶ 11.

All potential evidence relating to Plaintiff's allegations resides exists in Nevada, not California. *Id.* at ¶ 12. Specifically, all documents, electronic data, witnesses, and other tangible information or evidence relating in any way to acts alleged in Plaintiff's Complaint are located within the State of Nevada. *Id.* at ¶ 13. It would be extremely cost-prohibitive for SHAC to litigate this dispute in California, where it has no witnesses and no active business contacts. *Id.* at ¶ 14.

## III. <u>ARGUMENT</u>

**A. THIS COURT SHOULD DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF PERSONAL JURISDICTION.**

This Court should dismiss SHAC for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Defendant conducts *no business whatsoever* in the State of California. Thus, SHAC has no ties justifying jurisdiction in this Court.

Indeed, the fact that Plaintiff purports to represent an entire class of alleged claimants makes this improper choice of forum even more unwarranted, as any potential class in this

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

action would have an overwhelming majority of members residing in Nevada – not California. SHAC – which conducts business only in the State of Nevada – should not be subject to such a procedural tactic, which violates the very purpose of California's long-arm jurisdiction and the "fair play and substantial justice" standard it must comport to. Therefore, this Court should grant the SHAC's motion to dismiss.

**1. *Legal Standard for a Finding of Personal Jurisdiction***

Federal Rule of Civil Procedure 4(k)(1)(A) provides that a federal court may exercise personal jurisdiction over a defendant in the manner provided by state law. Generally, this requires that jurisdiction exist both under the state's long arm statute and that such jurisdiction comport with due process as required by the United States Constitution. *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1404–05 (9th Cir.1994). California's long arm statute is coextensive with the due process limits and, thus, only the constitutional analysis must be undertaken. *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000).

Two types of personal jurisdiction - general and specific - will satisfy the constitutional standard, and either is sufficient. *See Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 413-414 (1984). If the defendant's contacts with the forum state also provide the basis for the litigation, specific jurisdiction is appropriate. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). To meet the requirements of specific jurisdiction, the plaintiff must allege that the defendant has contacts with the forum that are related to or that have given rise to the event being litigated. *Helicopteros*, 466 US 408, 413-414. If the defendant's contacts with the forum did not give rise to the litigation, then the court may assert personal jurisdiction over the defendant under general jurisdiction only if the defendant has continuous and systematic contacts with the forum state. *Id*. In this case, neither jurisdictional showing has been made; thus, this Court does not have personal jurisdiction over Defendant and should grant Defendant's Motion to Dismiss.

Courts may consider evidence presented in affidavits when determining whether personal jurisdiction exists. *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir.2001). Though courts generally treat plaintiffs' allegations in a complaint as true, courts cannot assume the

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

truth of jurisdictional allegations that are contradicted by affidavit. *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir.1977). Therefore, because SHAC's affidavit contains facts directly contradicting Plaintiff's allegations, this Court may consider the Affidavit of Peter Feinstein in determining that it lacks general and specific jurisdiction over SHAC.

*a.* *__This Court Lacks General Jurisdiction Over SHAC.__*

If a defendant's activities in the forum state are "substantial, continuous and systematic," a court may exercise general jurisdiction without regard to whether the defendant's contacts with the forum state gave rise to the lawsuit. *Doe v. Unocal Corp.*, 248 F.3d 915, 923. This is a rigorous standard; "a defendant must not only step through the door, it must also sit down and make itself at home." *King v. American Family Mut. Ins. Co.*, 632 F.3d 570, 579 (9th Cir. 2011), *quoting Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir.2006). The contacts must be so substantial as to approximate actual physical presence in the forum state. *Id*. A court first looks to whether the defendant had the requisite contacts with the forum state, and then to a determination of whether jurisdiction would be reasonable. *Unocal Corp.*, 248 F.3d 915, 925.

Here, Plaintiff admits that SHAC is a Nevada corporation with its principal place of business in Las Vegas, Nevada. However, Plaintiff alleges that it is "informed and believes" that SHAC is authorized to conduct business and does conduct business within the State of California, specifically within the County of Santa Clara. This allegation is demonstrably incorrect. The Affidavit of Peter Feinstein directly contradicts Plaintiff's allegation by stating that SHAC does *not* conduct any business within the State of California, within the County of Santa Clara or otherwise. *See* Exhibit 1 at ¶¶ 5-6. California Courts have declined to exercise jurisdiction over defendants with far more substantial contacts to the State than SHAC possesses here. *See, e.g., DVI, Inc. v. Superior Court,* 104 Cal.App. 4th 1080, 1095 (2002) (finding no personal jurisdiction even though the defendant company had two officers residing in California, registered to do business in California, and maintained a California agent for service of process).

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Accordingly, SHAC lacks the "substantial, continuous and systematic" contacts necessary to constitute general jurisdiction.

b. *<u>This Court Lacks Specific Personal Jurisdiction Over SHAC</u>*

In evaluating specific jurisdiction, courts in the Ninth Circuit employ a three-pronged test:

> (1) The non-resident defendant must <u>purposefully</u> direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he <u>purposefully</u> avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*King*, 632 F.3d 570, 579 -580. If any of these requirements are not satisfied, jurisdiction in the forum must be denied. *Id*. Unilateral activity on the part of the Plaintiff or others over whom the defendant has no control cannot translate into a purposeful contact on the part of the defendant. *Helicopteros*, 466 U.S. at 416-417.

To satisfy the first element, a plaintiff must fulfill another three-prong test and show that defendant (1) committed an intentional act, which was (2) **expressly aimed** at the forum state, and (3) caused harm, the brunt of which is suffered **and which the defendant knows is likely to be suffered in the forum stat**e. *Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482 (1984); *see also Panavision Int'l, L.P. v. Toeppen,* 141 F.3d 1316, 1321 (9th Cir.1998) (emphasis added). The Ninth Circuit rejects the premise that an act with foreseeable effects in the forum state always gives rise to specific jurisdiction, instead requiring that "something more" must occur. *Panavision,* 141 F.3d at 1322. The "something more" needed to satisfy the first element of the specific jurisdiction test is "express aiming," which is satisfied when the defendant is alleged to have engaged in wrongful conduct intentionally targeted at a plaintiff whom the defendant knows to be a resident of the forum state.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

The Ninth Circuit has limited findings of specific jurisdiction under this "express aiming" theory to cases where defendants' wrongful conduct individually targeted a known forum resident. *See Metropolitan Life Insurance Co. v. Neaves,* 912 F.2d 1062, 1065 (9th Cir.1990); *Brainerd v. Governors of the University of Alberta,* 873 F.2d 1257, 1259-60 (9th Cir.1989). In the instant case, Plaintiff does not meet the specific jurisdiction test because SHAC has not "expressly aimed" any activity to the State of California. Plaintiff's Complaint does not even allege that SHAC *knowingly* sent text messages to individuals residing in California. Indeed, the Affidavit of Peter Feinstein expressly states that SHAC lacked knowledge of the forum states of any individuals that may have received text messages from SHAC. *See* Exhibit 1 at ¶ 11. As a practical matter, it is impossible for SHAC, or any defendant, to determine where individuals are domiciled based on their cell phone number alone. Cell phone users often maintain their area codes and phone numbers when residing in other states, or even in other countries. Thus, even if allegedly wrongful conduct occurred, SHAC could not possibly have knowledge that Plaintiff would suffer harm in the State of California. A finding to the contrary would subject SHAC to nationwide personal jurisdiction, an unreasonable precedent that would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).

Plaintiff therefore fails to satisfy the first and third prongs of the test for specific personal jurisdiction. Because this Court lacks both specific and general personal jurisdiction over SHAC, SHAC's Motion to Dismiss Plaintiff's Complaint should be granted.

### B. IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER VENUE TO THE DISTRICT OF NEVADA.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought…" 28 U.S.C. § 1404(a). The Court possesses broad discretion when determining whether to grant a motion to transfer venue under § 1404(a). *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The movant need only show that: (1) the plaintiff could have brought the action in another district; and (2) transfer is more convenient and promotes

the interest of justice. *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F.Supp.2d 1183, 1189-90 (S.D. Cal. 2007) (citing *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F.Supp. 503, 506 (C.D. Cal. 1992)). The purpose of § 1404(a) is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 413 (9th Cir. 1985).

Here, transferring this case to the District of Nevada fulfills the purposes of § 1404(a) because SHAC is clearly subject to personal jurisdiction in the District of Nevada. Further, Nevada is a much more convenient forum, as all potential evidence relating to Plaintiff's allegations resides exists in Nevada, not California. All documents, electronic data, witnesses, and other tangible information or evidence relating in any way to acts alleged in Plaintiff's Complaint are located within the State of Nevada. *Id.* at ¶12. It would be extremely cost-prohibitive and prejudicial for SHAC to litigate this dispute in California, where it has no witnesses and no active business contacts. *Id.* at ¶ 14. Accordingly, it would be "in the interest of justice" for this Court to transfer venue to the District of Nevada.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

## IV. CONCLUSION

In light of the foregoing, Defendant respectfully requests that this action be dismissed for lack of personal jurisdiction. In the alternative, Defendant respectfully requests that this action be transferred to the District of Nevada.

Dated this 7th day of April, 2014.

GREENBERG TRAURIG, LLP

By: */s/ Tyler R. Andrews*

MARK E. FERRARIO
California Bar No. 104062
TYLER R. ANDREWS
California Bar No. 250686
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

VERA RANIERI
California Bar No. 271594
GREENBERG TRAURIG, LLP
4 Embarcadero Center
Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1259
Facsimile: (415) 707-2010
ranieriv@gtlaw.com

*Counsel for Defendant SHAC, LLC*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**CERTIFICATE OF CONCURRANCE IN THE FILING**

I, Vera Ranieri, certify that Tyler Andrews has concurred in the filing of the foregoing document.

GREENBERG TRAURIG, LLP

By: *__/s/ Vera Ranieri__*

VERA RANIERI
California Bar No. 271594
GREENBERG TRAURIG, LLP
4 Embarcadero Center
Suite 3000
San Francisco, CA 94111
Telephone: (415) 655-1259
Facsimile: (415) 707-2010
ranieriv@gtlaw.com

*Counsel for Defendant SHAC, LLC*