JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
Abigail A. Zelenski (SBN 228610)
David Zelenski (SBN 231768)
Christine M. Pham (SBN 278247)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
michael@jlglawyers.com
abigail@jlglawyers.com
david@jlglawyers.com
christine@jlglawyers.com
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff John Luna*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN LUNA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB, a Nevada corporation,<br><br>Defendant. | Case No. CV 14-00607 HRL<br><br>**OBJECTIONS TO DEFENDANT'S REPLY EVIDENCE**<br><br>*Assigned to Hon. Howard R. Lloyd*<br><br>Date: May 13, 2014<br>Time: 10:00 a.m.<br>Courtroom: 2 |

## *I. Introduction.*

Rule 7-3 of the Northern District of California's Local Rules states that, "[i]f new evidence has been submitted in [a party's] reply, the opposing party may file within 7 days after the reply is filed . . . an [o]bjection to [the] [r]eply [e]vidence." N.D. Cal. Civ. R. 7-3(d)(1). Plaintiff John Luna hereby submits these objections to the evidenced submitted with Defendant SHAC, LLC's ("SHAC") Reply in Support of Defendant's Motion to Dismiss.

In its Reply, SHAC asks that the Court take judicial notice of three Exhibits apparently downloaded on some unspecified date (or dates) from some unspecified website (or websites): (1) an article allegedly from the Pew Research Center, bearing a publication date from 2009; (2) an article allegedly from the Manhattan Institute for Policy Research, bearing a publication date from 2012; and (3) an article from the Las Vegas Review-Journal. (Reply in Supp. of Def.'s Mot. to Dismiss ("Def.'s Reply") [ECF Nos. 23 & 23-1] Exs. 1–3.) SHAC relies on these articles as support for the notion that it did not know the forum states of anyone—including Plaintiff and Sunil Daniel, both of whom submitted Declarations in opposition to SHAC's Motion (see generally Decl. of John Luna in Opp'n to Def.'s Mot. to Dismiss [ECF No. 16]; Decl. of Suniel Daniel in Opp'n to Def.'s Mot. to Dismiss [ECF No. 17])—when it sent advertising text messages to the general public's cellular telephones using an automated telephone dialing system.[1] These articles detail subjects that are not indisputably true. They are

---

[1] At this stage of the litigation, the facts set forth in Plaintiff and Mr. Daniel's Declarations must be taken as true—even if those facts contradict the evidence submitted by SHAC. See, e.g., Rhapsody Int'l Inv. v. Lester, 2014 WL 709899 at *3 (N.D. Cal. Feb. 24, 2014) (explaining that "[a] plaintiff need only make a *prima facie* showing of jurisdictional facts to avoid the granting of a motion to dismiss," meaning that "'[u]ncontroverted allegations in [the plaintiff's] complaint must be taken as true'" and that "'conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor'") (quoting Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010)). Obviously, Plaintiff and SHAC are two separate entities, and there is no way for Plaintiff to adduce conclusive evidence at this preliminary stage as to what SHAC did or did not know. All that Plaintiff can do—indeed, all that plaintiffs can ever really do at the pleading stage—is introduce facts sufficient to support a finding or inference of jurisdiction. See Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977) (noting the problem that a defendant may attempt "to obtain a dismissal simply by controverting the facts established by a plaintiff," and addressing the problem by requiring that a plaintiff merely adduce "facts *which support a finding of* jurisdiction," not facts conclusively establishing jurisdiction) (emphasis supplied); Guava Family, Inc. v. Guava Kids, LLC, 2013 WL 1742786 at * 6 (S.D. Cal. Apr. 23, 2013) (stating that "[w]e will draw reasonable inferences from the complaint in favor of the plaintiff where personal jurisdiction is at stake," which is "in line with the pleading standard set forth by the Supreme Court in Ashcroft v. Iqbal") (internal quotations omitted). Plaintiff and Mr. Daniel's testimony that they were contacted by SHAC while they were in California on cellular telephones bearing 310 and 408 area codes must therefore be accepted as true. This evidence is consistent with the conclusion that SHAC knew it had contacted at least two California residents, which,

therefore not properly subject to judicial notice. Furthermore, because SHAC has not authenticated any of the facts set forth in the articles—indeed, because SHAC has not even identified the online source of any of these Exhibits—they are barred by rule 901 of the Federal Rules of Evidence.

## ***II. Plaintiff's Objections to SHAC's Newly Submitted Evidence.***

### ***A. The Articles Are Not Subject to Judicial Notice.***

The Federal Rules of Evidence state that "[a] court may judicially notice a fact that is not subject to reasonable dispute [if] it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The touchstone for judicial notice is that the fact be capable of independent verification *as indisputably true*. See, e.g., Jespersen v. Harrah's Operating Co., Inc., 444 F.3d 1104, 1110 (9th Cir. 2006) (explaining that judicial notice requires a "'high degree of indisputability'") (quoting Fed. R. Evid. 201 advisory committee notes).

Here, SHAC asks that the Court accept as indisputably true the conclusions reached in three articles downloaded from unknown websites, at unknown times, concerning the following issues:

- The supposed difficulty of correctly deducing an individual's geographic location by reference to his or her cellular telephone number. (Def.'s Reply [ECF No. 23] at 4:16–19 & n.2; Def.'s Reply [ECF No. 23] Ex. 1.)
- The "transient" nature of Nevada's population. (Def.'s Reply [ECF No. 23] at 4:20–5:1 & n.4; Def.'s Reply [ECF Nos. 23 & 23-1] Ex. 2.)
- The demographic breakdown of Las Vegas' non-native residents. (Def.'s Reply [ECF No. 23] at 5:3–6; Def.'s Reply [ECF No. 23-1] Ex. 3.)

Because SHAC has not provided the Court with any description of where or when it downloaded these documents, it is impossible for the Court to verify the methodology behind the authors' analyses—*i.e.*, to vet the source—let alone evaluate the veracity of any of the articles' conclusions. Cf., Madeja v. Olympic Packers, LLC, 310 F.3d 628, 639 (9th Cir. 2002) (explaining that a court may refuse to take judicial notice of documents if the requesting party has failed to authenticate them). Indeed, the fact that

---

in turn, supports a finding of specific personal jurisdiction—especially given that a defendant cannot avoid the exercise of jurisdiction by "intentionally bur[ying its] head in the sand." Schneider v. Hardesty, 669 F.3d 693, 701 (6th Cir. 2012).

statistical analyses had to be undertaken by the authors in the first place belies any notion that the articles' conclusions are "generally known," let alone generally known in the Northern District. Plaintiff therefore objects to these articles on the ground that they are not the proper subject of judicial notice.[2]

***B. Judicial Notice Aside, the Articles Are Inadmissible Because They Have Not Been Authenticated.***

Because there is no way for the Court to verify any of the conclusions, data, or methodology adopted by the articles' authors, the information set forth in the articles cannot be accepted as indisputably true. The facts, conclusions, and data set forth in the articles, then, remain in dispute. Now, it is, of course, true that a court may consider non-judicially noticed facts—*but only if the evidence reflecting those facts has been properly placed before the court in the first place*. A necessary—and elementary—first step, in other words, is that any evidence demonstrating a fact must be properly authenticated. See Fed. R. Evid. 901(a) (setting forth "the requirement of authenticating or identifying an item of evidence"). Instead of laying a foundation explaining where these articles came from or when they were downloaded, SHAC has simply attached them as Exhibits to its Reply.[3] The articles, therefore, have not been properly authenticated, and they cannot be considered by the Court irrespective of whether they are subject to judicial notice under rule 201.

/ / / / /

---

[2] To the extent that the Court takes judicial notice of the articles, Plaintiff objects to SHAC's gloss of them. For instance, the supposed Pew Research Center article does not stand for the proposition that geographic extrapolations cannot—or should not—be based cellular-telephone numbers. As stated in the article itself, the likelihood that a landline telephone number will "match" a geographic zip code is 97%, while the likelihood that a cellular telephone number will match a geographic zip code is 90%—only 7 percentage-points fewer. (Def.'s Reply [ECF No. 23] Ex. 1.) The odds, then, are very high that a cellular telephone number bearing a California-specific area code will be held by a California resident.

[3] Plaintiff notes that he filed his own Request for judicial notice with his opposition papers, limited to matters downloaded from government websites. (See Req. for Judicial Notice in Opp'n to Def.'s Mot. to Dismiss [ECF No. 19].) Such matters are properly subject to judicial notice under rule 201. E.g., Precaido v. Wells Fargo Home Mortg., 2013 WL 1899929 at *3 (N.D. Cal. May 7, 2013). Unlike SHAC, Plaintiff provided the Court with the web address where each article can be found, along with the date that Plaintiff's counsel last visited each website.

***III. Conclusion.***

For the foregoing reasons, Plaintiff objects to Exhibits 1 through 3 submitted with SHAC's Reply in their entirety.

Dated: April 29, 2014

JAURIGUE LAW GROUP

/s/ *David Zelenski*

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Christine M. Pham
*Attorneys for Plaintiff*