*E-Filed: July 14, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN LUNA, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB, a Nevada corporation,<br><br>    Defendant.<br>_____/ | No. C14-00607 HRL<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**[Re: Docket No. 10]** |

    John Luna, representing a putative class, sues Shac LLC ("Shac"), doing business as Sapphire Gentlemen's Club ("Sapphire"), for allegedly sending unsolicited text messages in violation of the Telephone Consumer Protection Act ("TCPA"). *See* Class-Action Compl., Dkt. No. 1 ("Compl."). Shac, a Nevada Corporation, moves to dismiss for lack of personal jurisdiction because it does not conduct business in and did not purposefully direct any activity to California. *See* Mot. Dismiss, Dkt. No. 10. Alternatively, Shac requests a venue transfer to the District of Nevada. *Id.* Luna opposes the motion asserting that Shac purposefully directed his activity at California by sending text messages to California cell phone numbers. *See* Mem. P. & A. Opp'n Def. Mot. Dismiss, Dkt. No. 15 ("Opp'n"). The parties have expressly consented to having all matters heard and finally adjudicated by the undersigned. *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Based on the moving and responding papers, as well as the arguments of counsel at the hearing

on May 13, 2014, the Court DENIES Shac's motion to dismiss for lack of personal jurisdiction and DENIES without prejudice Shac's alternative request to transfer venue.

**BACKGROUND**

Luna's complaint alleges that Shac used automated equipment to send him an unsolicited text message advertising Sapphire in violation of the TCPA, which message he received while he was in Santa Clara County, California. Compl. at ¶¶ 2, 9, 12. He further alleges that Shac sent thousands of similar unsolicited text messages to the cell phones of members of the general public. Compl. at ¶ 13. By declaration, Luna asserts that he received a total of four or five such text messages from Shac while living in Santa Clara County, and his cell phone number had a 408 area code, which is associated with Santa Clara County. Decl. John Luna Opp'n Def. Mot. Dismiss at ¶¶ 2-4, Dkt. No. 16. Luna also provides the declaration of Sunil Daniel who received three or four similar unsolicited text messages from Shac. Decl. Sunil Daniel Opp'n Def. Mot. Dismiss at ¶ 4, Dkt. No. 17. At all relevant times, Daniel was a resident of Los Angeles, California, and his cell phone had a 310 area code, which is associated with Los Angeles. *Id.* at ¶ 2.

Shac asserts that it has not conducted any business in California during the relevant time period. Aff. Peter Feinstein Supp. Def.'s Mot. Dismiss at ¶ 10, Dkt. No. 10-1. And even if it did send text messages as alleged by Luna, "such messages would disseminate from a static database of customers and individuals who had first made contact with SHAC in Nevada, and therefore SHAC lacks any direct knowledge of the forum states of any persons in the database." *Id.* at ¶ 11. Thus, Shac maintains it "has not intentionally solicited any business or customers from the State of California." *Id.* at ¶ 13. Additionally, Shac asserts that "all potential witnesses, databases, documents, evidence, and tangible information are located within the State of Nevada, and not California." *Id.* at ¶ 12.

**LEGAL STANDARD**

A. Personal Jurisdiction

The party seeking to invoke jurisdiction of the federal court has the burden of establishing that such jurisdiction exists. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). At this stage of the litigation, the plaintiff need only "make, through [his] pleadings and

affidavits, a prima facie showing of the jurisdictional facts." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001). In ruling on a Rule 12(b)(2) motion, the court should view the pleadings in a light most favorable to plaintiff and all doubts are to be resolved in his favor. *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 n.1 (9th Cir. 1995).

"Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be 'present' in that forum for all purposes, a forum may exercise only 'specific' jurisdiction – that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre le Racisme et l'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). The Ninth Circuit has "established a three-prong test for analyzing a claim of specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; . . . (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).[1] "The plaintiff bears the burden on the first two prongs. If the plaintiff establishes both prongs one and two, the defendant must come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

The Ninth Circuit "evaluate[s] purposeful direction under the three-part 'effects' test traceable to the Supreme Court's decision in *Calder v. Jones*." *Schwarzenegger*, 374 F.3d at 803. The "effects" test "requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002).

B. Venue

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought . . . ." 28 U.S.C.

---

[1] "A purposeful availment analysis is most often used in suits sounding in contract. A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* (internal citations omitted). The parties agree that a "purposeful direction" analysis is appropriate here.

3

§ 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks removed). "A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Such factors may include: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Id*. at 498-99. "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. c. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**DISCUSSION**

A. Personal Jurisdiction

As for the first prong of the analysis for specific personal jurisdiction, the *Calder* "effects" test for purposeful direction, Luna asserts that Shac's sending of text messages directly to the California cell phones of California residents constitutes intentional conduct expressly aimed at California, and Shac knew the messages were likely to be received and cause harm there. Shac does not dispute that sending the alleged text is an intentional act, satisfying the first step of the "effects" test. Shac's main argument is that it did not "expressly aim" its activity at California because it did not know that Luna was a California resident, and the Ninth Circuit has limited findings of "express aiming" to cases where the defendants' wrongful conduct individually targeted a *known* forum resident. *See Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ("From the available cases, we deduce that the requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state."). Although Shac was aware of Luna's 408 area code when it sent him

4

1  the text, Shac points out that due to the inherent mobility of cell phones, an area code is not
2  necessarily indicative of the user's residence.[2]  Likewise, because Shac did not know Luna's
3  residence, it did not know that any harm was likely to be suffered in California.  Luna counters that
4  Shac's willful ignorance of his location cannot defeat personal jurisdiction.  *See Schneider v.*
5  *Hardesty*, 669 F.3d 693, 700-01 (6th Cir. 2012) ("[T]he only possible explanation [for defendant's
6  ignorance of the plaintiff's geographic location] is that [he] intentionally buried his head in the sand,
7  and that cannot save [him] from being subject to jurisdiction.").

8        The Ninth Circuit has held that the express aiming requirement is satisfied when the
9  defendant's alleged wrongful conduct individually targets a known forum resident.  *See Bancroft*,
10  223 F.3d at 1087.  However, that is not to say, as Shac does, that the express aiming requirement
11  can only be satisfied when a defendant actually knows the plaintiff's residence with absolute
12  certainty, as the Ninth Circuit has more recently stated that "[w]here [defendant] knew *or should*
13  *have known* that [plaintiff] is a Washington company, [defendant's] intentional acts were expressly
14  aimed at the state of Washington."  *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668,
15  678 (9th Cir. 2012) (emphasis added).  Thus, Shac's actual knowledge of Luna's California
16  residence is not a prerequisite for "express aiming."  Shac also relies on the fact that any recipients
17  of the alleged texts would have made first contact with Shac in Nevada, but as Luna points out,
18  specific personal jurisdiction may be based solely on forum contacts which the defendant did not
19  himself initiate.  *See Brainerd v. Governors of the Univ. of Alberta*, 813 F.2d 1257, 1259 (9th Cir.
20  1989) (finding defendant purposefully directed his conduct at Arizona and was subject to specific
21  personal jurisdiction there when the only contacts with the forum were phone calls placed from
22  Arizona to the defendant in Canada).  The Court agrees with Luna that where Shac intentionally sent
23  text messages directly to cell phones with California based area codes, which conduct allegedly

---

[2] Shac requests that the Court take judicial notice of three articles or studies it attached to its reply pertaining to (1) the lack of association between cell phone area codes and their actual geographic location, (2) the frequent migration of Californians to Nevada, and (3) the high number of Las Vegas residents with foreign area codes.  *See* Reply Supp. Def.'s Mot. Dismiss, Dkt. No. 23.  Shac maintains that the material is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Id.* (quoting Fed. R. Evid. 201(b)).  Luna timely objected.  *See* Objs. Def.'s Reply Evid., Dkt. No. 24.  The Court agrees with Luna that these articles are subject to reasonable dispute and DENIES Shac's request for judicial notice.  Nevertheless, the Court acknowledges that a cell phone is mobile and therefore its area code does not necessarily indicate the user's residence.

5

violated the TCPA and gave rise to this action, Shac expressly aimed its conduct at California. Likewise, Shac knew that the alleged harm caused by the text messages it sent to California cell phones was likely to be suffered in California. Accordingly, the "effects" test is satisfied, and Luna has met its burden of demonstrating that Shac purposefully directed its activity at the forum state.

Shac does not dispute that the claim arises out of its forum related activities, so the burden shifts to Shac to "come forward with a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 803. In its motion, Shac only makes the conclusory assertion that a finding that it could "possibly have knowledge that Plaintiff would suffer harm in the State of California . . . would subject SHAC to nationwide personal jurisdiction, an unreasonable precedent that would offend 'traditional notions of fairplay and substantial justice.'" Mot. at 7 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). However, notwithstanding that this finding does not subject Shac to nationwide jurisdiction, the converse of Shac's hypothetical hardly seems fair either, that defendants are free to unlawfully contact the cell phones of individuals all over the country yet be shielded from having to defend themselves outside their home forum merely because area codes do not have a 100% correlation with residence. Regardless, Shac's lone, conclusory statement does not amount to a "compelling case" that exercising specific personal jurisdiction is unreasonable here.

When Shac intentionally sent unsolicited text messages advertising Sapphire to California cell phone numbers, which conduct gave rise to this litigation, it purposefully directed its activity to California such that Shac is reasonably subject to the personal jurisdiction of this Court. This finding is consistent with several district courts who have found the exercise of specific personal jurisdiction proper in cases involving alleged TCPA violations based on calls made to a plaintiff's cell phone. *See Heidorn v. BDD Marketing & Mgmt. Co.*, No. C-13-00229 JCS, 2013 WL 6571629 (N.D. Cal. Aug. 19, 2013) (exercising personal jurisdiction over out-of-state defendant who contacted plaintiff's California cell phone in violation of the TCPA); *Baker v. Carribean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 WL 880634 (D. Ariz. Mar. 6, 2014) ("[The] complaint in this case is sufficient to establish specific jurisdiction, based on the allegation that Defendant made calls to Plaintiff's Arizona [cell phone] number and the fact that those calls are the basis for

Plaintiff's claims.")[3]; *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 (ARR)(MDG), 2013 WL 4710588 (E.D.N.Y. Aug. 30, 2013) ("[S]ince the TCPA is essentially a strict liability statute . . . defendants reasonably should have anticipated that the use of [an automated] system to call a New York cell-phone number could subject them to being held into court in New York."); *Hudak v. Berkeley Group, Inc.*, No. 3:13-cv-00089-WWE, 2014 WL 354676 (D. Conn. Jan. 23, 2014) (finding "purposeful availment" prong satisfied where defendants allegedly caused calls to be made to plaintiffs cell phone in violation of the TCPA). Accordingly, Shac's motion to dismiss for lack of personal jurisdiction is DENIED.

B. Venue

Alternatively, Shac requests that the Court transfer this case to the District of Nevada in the interest of justice because "all potential evidence" relating to Luna's allegations is in Nevada, not California, and it would be "extremely cost-prohibitive" to litigate the case in California. Although presumably much of the information Shac will produce is in Nevada, at this point no discovery has taken place, and Shac provides no support for its conclusory assertions as to the location of evidence and the costs of litigation. Thus, Shac has not met its burden to show that the Court should reject Luna's choice to bring this action in his resident forum. Accordingly, Shac's alternative request to transfer this case is DENIED without prejudice to move for a transfer of venue if during the course of discovery it becomes apparent that the District of Nevada is clearly the more convenient forum.

**IT IS SO ORDERED.**

Dated: July 14, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Although the order does not expressly state that the number was associated with a cell phone, the complaint alleges that it was. *See* Complaint at 3, *Baker*, No. CV 13-8246-PCT-PGR (D. Ariz. Oct. 10, 2013) ("[Defendant] placed calls to Plaintiff's cellular telephone.")

**C14-00607 HRL Notice will be electronically mailed to:**

Abigail Ameri Zelenski     Abigail@jlglawyers.com

Christine Marie Pham     christine@jlglawyers.com

David Zelenski     david@jlglawyers.com

Mark Ernest Ferrario     ferrariom@gtlaw.com, lvlitdock@gtlaw.com, rosehilla@gtlaw.com

Michael Joe Jaurigue     michael@jauriguelaw.com

Stephanie Danielle Ahmad     ahmads@gtlaw.com, SFOLitDock@gtlaw.com, tasistaj@gtlaw.com

Tyler Ryan Andrews     andrewst@gtlaw.com, bonnerc@gtlaw.com, heilichj@gtlaw.com, lvlitdock@gtlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**