JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
Abigail A. Zelenski (SBN 228610)
David Zelenski (SBN 231768)
Christine M. Pham (SBN 278247)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
michael@jlglawyers.com
abigail@jlglawyers.com
david@jlglawyers.com
christine@jlglawyers.com
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff John Luna*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

JOHN LUNA, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB, a Nevada corporation; and CALLFIRE, INC., a corporation,

Defendants.

Case No. CV 14-00607 HRL

**STATEMENT OF RECENT DECISION IN OPPOSITION TO DEFENDANT CALLFIRE, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

*Assigned to Hon. Howard R. Lloyd*

Hearing Date: October 21, 2014
Time: 10:00 a.m.
Courtroom: 2

Pursuant to rule 7-3(d)(2) of the Northern District of California's Local Rules, Plaintiff John Luna hereby provides notice of a new district-court decision decided under the Telephone Consumer Protection Act, 47 U.S.C. § 227, directly relevant to issues raised in Defendant CallFire, Inc.'s ("CallFire") Motion to dismiss. The new decision is from Rinky Dink, Inc. v. Electronic Merchant Systems, Inc., Western District of Washington Case No. C13-1347. The Rinky Dink, Inc. decision was handed down on September 30, 2014—five days after the deadline for Plaintiff to file his Memorandum in opposition to CallFire's Motion to dismiss in the within action.

A true and correct copy of the Rinky Dink, Inc. order is attached hereto as **Exhibit 1**. The relevant portion of the order is found on pages 6 and 7. As reflected on pages 6 and 7, the Rinky Dink, Inc. court denied a CallFire-filed motion to dismiss that makes substantially the same arguments—and that is based on substantially the same extrinsic evidence—as the Motion filed by CallFire in the within action.[1]

Dated: October 2, 2014

JAURIGUE LAW GROUP

/s/ *David Zelenski*
Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Christine M. Pham
*Attorneys for Plaintiff*

[1] A copy of CallFire's motion to dismiss in Rinky Dink, Inc. was lodged with the within Court on September 25, 2014, as Exhibit 4 to Plaintiff's Request for judicial notice. To the extent necessary, the Court may take judicial notice of the Rinky Dink, Inc. decision denying the motion to dismiss based on the same authorities set forth in the September 25, 2014, Request for judicial notice.

*Exhibit 1*

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RINKY DINK INC.,<br><br>Plaintiff,<br><br>v.<br><br>ELECTRONIC MERCHANT SYSTEMS INC., et al.,<br><br>Defendants. | CASE NO. C13-1347-JCC<br><br>ORDER |

This matter comes before the Court on Defendant CallFire's Motion to Dismiss (Dkt. No. 58). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I. BACKGROUND

Defendant Electronic Merchant Systems, Inc. ("EMS") identifies merchants who want to enter into agreements with banks to handle the processing and managing of the merchant's retail credit card transactions. (Dkt. No. 1 at 3.) EMS called Plaintiff, a pet-supply store in Washington, using the services of Defendant CallFire, Inc. ("CallFire"). CallFire provides its customers with services to create messages and transmit them to telephone numbers that the customer selects. (Dkt. No. 51 ¶ 5.3, 5.7; Dkt. No. 58 at 7.) CallFire is a California corporation and has no offices or employees in Washington.

CallFire has moved to dismiss the allegations against CallFire on the basis that this Court lacks personal jurisdiction over CallFire and that Plaintiff fails to state a claim against CallFire. (Dkt. No. 58.) In the alternative, CallFire argues that the issues relating to CallFire should be referred to the FCC and the WUTC. (*Id.*)

## II. DISCUSSION

### A. Personal Jurisdiction

Washington's long-arm statute permits the exercise of jurisdiction to the full extent of the Constitution's Due Process clause. *See* Wash. Rev. Code § 4.28.185; *Shute v. Carnival Cruise Linds*, 783 P.2d 78, 79–80 (1989), *rev'd on other grounds Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991). "Under the due process analysis, a defendant may be subject to either general or specific personal jurisdiction." *Easter v. American West Fin.*, 381 F.3d 948, 960 (9th Cir. 2004) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n.9 (1984)). Plaintiff bears the burden of establishing personal jurisdiction, *Doe v. Unocal*, 248 F.3d 915, 922 (9th Cir. 2001), but need only make a *prima facie* showing of the jurisdictional facts, *see Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001); *see also Central States, Se. & Sw. Areas Pension Fund v. Phencorp Reins. Co., Inc.*, 40 F.3d 870, 878 (7th Cir. 2006) (court should "read the complaint liberally, in its entirety, and with every inference drawn in [the plaintiff's] favor" (internal quotation marks omitted)). Conflicts in affidavits are resolved in the plaintiff's favor for purposes of deciding whether the plaintiff has established personal jurisdiction. *Doe*, 248 F.3d at 922 (citing *AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996)). Plaintiffs do not contend that this Court has general jurisdiction over CallFire, nor would the Court find general jurisdiction appropriate based on the allegations before it. The sole question is thus whether this Court has specific jurisdiction over CallFire. (Dkt. No. 61 at 11–12.)

### A. Specific Jurisdiction

Specific jurisdiction is appropriate where "[the defendant's] less substantial contacts with

the forum give rise to the cause of action before the court." *Doe*, 248 F.3d at 923. A three-part test governs the specific-jurisdiction analysis. *Myers*, 238 F.3d at 1072. First, "[t]he non-resident must purposefully direct his activities or consummate some transaction with the forum . . . or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802 (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* Finally, the exercise of jurisdiction must be reasonable. *Id.* The plaintiff bears the burden of satisfying the first two prongs. *Id.* If successful, the burden then shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. *Id.*

**1. Purposefully Directs**

In determining whether a defendant has purposefully directed activities toward the forum, the Court assesses whether the defendant "(1) commit[ed] an intentional act, (2) expressly aimed at the forum state, (3) causing harm that he defendant knows is likely to be suffered in the forum state." *Asher Worldwide Enterprises LLC v. Sur La Table, Inc.*, No. C11-1183-MJP, 2012 WL 112641 at *4 (W.D. Wash. Jan. 10, 2012) (citing *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (en banc)).

**a. Intentional Act**

Plaintiff contends that CallFire "intentionally made pre-recorded calls to Washington businesses without ensuring prior express consent had been obtained." (Dkt. No. 61 at 12.) Plaintiff argues that CallFire is responsible for programming the software that dials numbers with Washington area codes, which suffices to establish an intentional act. CallFire argues that "the only intentional acts relevant here occurred when Defendant EMS allegedly selected the telephone numbers to be called." (Dkt. No. 58 at 13.) However, it is CallFire's system that facilitates and directs the calls. Defendant EMS may choose the telephone numbers, but it is CallFire that is, in its words, "transmitting the messages." (Dkt. No. 58 at 12.) The mere fact that

CallFire's system may have been largely automated or that CallFire itself did not choose the phone numbers does not preclude the output of that system being an intentional act. *See Gordon v. DTE Energy*, 680 F. Supp. 2d 1282, 1285 (W.D. Wash., 2010) ("output of an automated reporting system is an intentional act").

**b. Expressly Aimed**

CallFire contends that it did not expressly aim its conduct at Washington because CallFire's customers decided where to send calls made using the system. *Cf. Luna v. Shac, LLC*, 2014 WL 3421514 (N.D. Cal., July 14, 2014) (citing TCPA cases in which specific personal jurisdiction existed because the defendant itself made the calls). In an analogous situation, however, the Ninth Circuit has concluded that a defendant website could be deemed to have "expressly aimed" its conduct at California in part because third-party advertisers on the site directed their advertisements to California. *See Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1230 (9th Cir. 2011). As the Ninth Circuit reasoned:

> In this context, it is immaterial whether the third-party advertisers or [the defendant] targeted California residents. The fact that the advertisements targeted California residents indicates that [the defendant] knows—either actually or constructively—about its California user base, and that it exploits that base for commercial gain by selling space on its website for advertisements.

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1230 (9th Cir. 2011). Applying this reasoning, CallFire's argument that it does not "easily know" where a particular customer is located is unavailing. (Dkt. No. 58 at 11.) It transmitted calls to phone numbers with Washington area codes. *See Luna*, 2014 WL 3421514 (the defendant lacked actual knowledge of plaintiff's residence but nonetheless aimed conduct at California when it sent text messages to phones with California area codes). The mere fact that CallFire's transmission of calls to Washington is done at the direction of another party does not alter the fact that it was CallFire transmitting the calls to numbers with Washington area codes.

**c. Knowledge of Causing Harm in Washington**

Finally, Plaintiff must show that Defendant knew the harm of calls directed into Washington would be suffered in Washington. Defendant argues that it could not know that its customers were calling individuals without consent. (Dkt. No. 58 at 30.) Defendant knows, however, that the harm of any calls it transmits to Washington State will be felt there. The Amended Complaint also includes descriptions of Defendant's past actions, which include either ignoring or consciously avoiding knowing that it was directing calls that would violate the relevant laws. (Dkt. No. 51.) Drawing inferences in Plaintiff's favor, this suffices to establish a *prima facie* case for personal jurisdiction. *See Gordon*, 680 F. Supp. 2d at 1286.

**2. Forum-related conduct**

There appears little dispute—nor could this Court imagine how there could be any dispute—that this cause of action arises out of the calls that CallFire directed into the state. *See Schwarzenegger*, 374 F.3d at 802; *Menken*, 503 F.3d at 1058 ("A single forum state contact can support jurisdiction if the cause of action arises out of that particular purposeful contact of the defendant with the forum state."). But for these calls, Plaintiff would have suffered no injury. *See Myers*, 238 F.3d at 1075. The second element of the specific-jurisdiction test is therefore satisfied.

**3. Reasonableness of Exercise of Jurisdiction**

The final element in considering whether this Court has specific personal jurisdiction is whether the exercise of jurisdiction is reasonable. *Schwarzenegger*, 374 F.3d at 802. Seven factors must be considered in assessing reasonableness:

> (1) the extent of [the defendant's] purposeful interjection into the forum state's affairs; (2) the burden on [the defendant] of defending in the forum; (3) the extent of conflict with the sovereignty of [the defendant's] home state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to Plaintiffs' interests in convenient and effective relief; and (7) the existence of an alternative forum.

*Myers*, 238 F.3d at 1075. Defendant does not argue that personal jurisdiction would be unreasonable, much less present a "compelling case" that it would be so. *See id.* (burden is on defendant). This Court can discern no considerations that would render jurisdiction unreasonable and concludes that the exercise of personal jurisdiction in this case is reasonable.

**B. TCPAClaims, WADAD Claims, and Referral to the FCC**

In ruling on a motion to dismiss, the Court assumes that a plaintiff's well-pleaded factual allegations are true and draws all reasonable inferences in a plaintiff's favor. *See OSU Student Alliance v. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012). The factual allegations need not be convincing or even establish the probability of entitlement to relief, but must merely "plausibly suggest an entitlement to relief." *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011). On a 12(b)(6) motion to dismiss, a court generally may not consider evidence outside the pleadings without converting the motion into one for summary judgment and allowing the nonmoving party to respond accordingly. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). The exceptions are for documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, which may be considered on a motion to dismiss. *Id.* at 908.

In considering whether Plaintiff has adequately pleaded its TCPA and WADAD claims, the Court is persuaded by the analysis of another court that considered a nearly identical question. *See Couser v. Pre-Paid Legal Services, Inc.*, 994 F.Supp.2d 1100, 1103 (S.D. Cal. 2014). The *Couser* court thoughtfully and thoroughly analyzed many of the arguments that CallFire makes here, including CallFire's contention that it did not "initiate" calls, CallFire's reliance on legislative history and the FCC's decisions related to fax broadcasters, and CallFire's claim that it was merely a passive conduit. *See id.* at 1102–05. As the court concluded: "The Court strongly senses that [CallFire] has the better arguments in this case, but those arguments simply can't be ratified at the motion to dismiss phase of this case." *Id.* at 1106. CallFire does not engage with that court's analysis. Indeed, even though the *Couser* court specifically noted

that CallFire's evidence, including a declaration from COO Jagannathan Thinakaran, could not be considered on a motion to dismiss, CallFire has similarly based its arguments on evidence outside the pleadings in this case, including a declaration from Mr. Thinakaran.[1] *Id.* at 1105.

Although a close call, following the reasoning in *Couser*, the Court concludes that Plaintiff's TCPA and WADAD claims suffice on a motion to dismiss. Similarly, although a referral under the primary-jurisdiction doctrine may eventually prove to be appropriate, *see Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002), at this time Plaintiff should be permitted to conduct discovery to determine whether CallFire's role is as passive as it portrays.

**III. CONCLUSION**

For the foregoing reasons, Defendant CallFire's motion to dismiss (Dkt. No. 58) is DENIED.

DATED this 30th day of September 2014.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] In an apparent attempt to circumvent the page limit for reply briefs, CallFire also includes legal argument in this declaration. The Court does not consider these arguments. *See* Local Civ. R. 7(e)(6).