JAURIGUE LAW GROUP
Michael J. Jaurigue (SBN 208123)
Abigail A. Zelenski (SBN 228610)
David Zelenski (SBN 231768)
Christine M. Pham (SBN 278247)
114 North Brand Boulevard, Suite 200
Glendale, California 91203
michael@jlglawyers.com
abigail@jlglawyers.com
david@jlglawyers.com
christine@jlglawyers.com
Telephone: (818) 630-7280
Facsimile: (888) 879-1697

*Attorneys for Plaintiff John Luna*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOHN LUNA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB, a Nevada corporation,<br><br>Defendant. | Case No. CV 14-00607 HRL<br><br>**OBJECTIONS TO DEFENDANT CALLFIRE, INC.'S REPLY EVIDENCE**<br><br>*Assigned to Hon. Howard R. Lloyd*<br><br>Date: October 21, 2014<br>Time: 10:00 a.m.<br>Courtroom: 2 |

## *I. Introduction.*

Rule 7-3 of the Northern District of California's Local Rules states that, "[i]f new evidence has been submitted in [a party's] reply, the opposing party may file within 7 days after the reply is filed . . . an [o]bjection to [the] [r]eply [e]vidence." N.D. Cal. Civ. R. 7-3(d)(1). Plaintiff John Luna hereby submits these objections to the evidenced submitted by Defendant CallFire, Inc. ("CallFire") on October 2, 2014, in its reply to Plaintiff's opposition to CallFire's Motion to dismiss.

## *II. Argument.*

The rule is well-settled that moving parties are prohibited from introducing new facts or evidence in reply papers. See, e.g., Ojo v. Farmers Group, Inc., 565 F.3d 1175, 1185 n.13 (9th Cir. 2009) (explaining that "it is generally improper for the moving party to . . . introduce new facts or different legal arguments in the reply brief [beyond] . . . [those that were] presented in the moving papers") (internal quotations omitted) (ellipses and bracketed material in original). On that basis alone, then, the Court should refuse to consider Exhibits A through F of CallFire's supplemental Request for judicial notice.

Moreover, even if the Court were to consider Exhibits A through F, it cannot consider them in the manner proposed by CallFire. First, with respect to Exhibits A through E, these documents are common-carrier registration forms for AT&T, Verizon, Sprint, Comcast, and Qwest. (CallFire's Req. for Judicial Notice in Supp. of Reply in Supp. of Mot. to Dismiss ("CallFire's Supplemental Req. for Judicial Notice") [ECF No. 61] at 2:7–13, 3:7–17 & Exs. A–E.[1]) According to CallFire, each of these forms lists a "registration current as of April 2014." (CallFire's Supplemental Req. for Judicial Notice [ECF No. 61] at 3:16.) Because, CallFire argues, "[i]t is generally known that all of these common carriers existed and were subject to FCC regulation as common carriers prior to April 1 of this year," the Court should conclude that CallFire must also have existed as a common carrier prior to April 1, 2014, because it filed a similar common-carrier registration form. (CallFire's Supplemental Req. for Judicial Notice [ECF No. 61] at 3:16–17.) CallFire's conclusion, though, does not necessarily follow its premise.

---

[1] Page-number references to ECF-filed documents are to the page numbers in the file-stamp header, not to the page numbers at the bottom of the document.

Although it may be the case that AT&T's common-carrier status—or the common-carrier status of the four other entities, for that matter—is generally known to the "unrefreshed, unaided recollection of the [Northern District's] populace at large," Lussier v. Runyon, 50 F.3d 1103, 1111 (1st Cir. 1995), that does not automatically mean that a largely unknown entity going by the name of "CallFire" is also a common carrier. And, just because CallFire filed a form similar to what AT&T filed does not automatically mean that the information set forth in CallFire's form is true and correct.[2] See, e.g., Wyatt v. Terhune, 315 F.3d 1108, 1114 (9th Cir. 2003) (stating that "we have held that taking judicial notice of findings of fact from another case exceeds the limits of [r]ule 201"), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014); Benavides v. City of Arvin, 2012 WL 1910259 at *3 (E.D. Cal. May 25, 2012) (stating that, "[w]hile some public records are the proper subject of judicial notice, th[e] [c]ourt may not take judicial notice[] of documents filed with an administrative agency to prove the truth of the contents of the documents") (citing cases). Cf. Hung Dong v. ITT Educ. Servs., Inc., 2014 WL 4634993 at *6 (E.D. Cal. Sept. 10, 2014) (stating that "[t]he [c]ourt may take judicial notice as to the authenticity and existence of a declaration filed in a different court, but may not take judicial notice of the veracity of the content of the declaration") (citing Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1099 (E.D. Cal. 2004)). Essentially, CallFire is arguing that, because it is generally known that AT&T is a common carrier, and because AT&T itself completed one of these judicially noticeable common-carrier forms, the Court should conclude that all entities

[2] Nor would it mean that the information set forth in AT&T's form is correct beyond dispute. In this regard, CallFire appears to be conflating the two alternative grounds for judicial notice. As explained in Plaintiff's Memorandum in opposition to CallFire's Motion, judicial notice of a putative fact is proper if the putative fact is (a) "generally known" or (b) "readily" ascertainable. (Mem. of P. & A. in Opp'n to CallFire's Mot. to Dismiss First Am. Compl. ("Pl.'s Opp'n") [ECF No. 57] at 10:8–10 (citing Fed. R. Evid. 201(b)).) As also explained in that Memorandum, "[a] matter is 'generally known' . . . if it is within 'the unrefreshed, unaided recollection of the [territory's] populace at large.'" (Pl.'s Opp'n [ECF No. 57] at 10:10–12 (quoting Lussier, 50 F.3d at 1111).) A matter is "readily ascertainable," on the other hand, "if it 'can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned.'" (Pl.'s Opp'n [ECF No. 57] at 10:18–19 (quoting Fed. R. Evid. 201(b)).) That AT&T is a common carrier is likely a fact "generally known" by the Northern District's population at large. Such a generally known fact, though, does not mean that everything AT&T sets forth in its common-carrier registration form is true and correct. The specific information set forth in that form, obviously, is not "generally known" by the population at large. As to that form, then, only the second ground for judicial notice applies—and, under that ground, the Court may only accept as true the fact that such a form exists, not that all of the information set forth therein is actually correct. If the Court cannot accept the truth of the form's contents for AT&T, then the Court *a fortiori* cannot accept the truth of the contents of CallFire's form.

completing such forms must themselves be common carriers. Such a conclusion is unwarranted. Plaintiff therefore objects to Exhibits A through E being used to establish anything other than that such forms exist on file with the Federal Communications Commission.

Plaintiff also objects to CallFire's proffered use of Exhibit F. Exhibit F appears to be a copy of certain discovery responses served by co-Defendant Shac, LLC ("Shac") in this action.[3] (CallFire's Supplemental Req. for Judicial Notice [ECF No. 61] at 2:14–16, 3:18–4:9 & Ex. F.) CallFire seems to rely on this Exhibit to establish the "link" between the First Amended Complaint and the Terms of Service introduced by CallFire's initial Request for judicial notice. (See CallFire's Supplemental Req. for Judicial Notice [ECF No. 61] at 4:4–9.) CallFire's argument appears to be that, even though the First Amended Complaint nowhere mentions the Terms of Service, those Terms are now properly before the Court because the First Amended Complaint mentions Shac's discovery responses and because those responses refer to various Terms of Service. In other words, because the discovery responses are mentioned by the First Amended Complaint, the discovery responses are admissible under the "incorporation-by-reference" doctrine—and, because the discovery responses themselves refer to CallFire's Terms of Service, those Terms are themselves, in turn, subject to the incorporation-by-reference doctrine.

CallFire's argument ignores a mandatory element of the incorporation-by-reference doctrine: that "no party questions the authenticity of the document." U.S. v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011). Here, the problem is not whether Exhibit F is itself authentic; the problem is whether the Terms of Service referred to by Exhibit F are, beyond peradventure, the Terms that were submitted to the Court with CallFire's opening moving papers. (See Decl. of Jagannathan Thinakaran in

[3] CallFire suggests in its supplemental Request for judicial notice that it did not have a copy of these responses at the time that it filed its Motion to dismiss. (See CallFire's Supplemental Req. for Judicial Notice [ECF No. 61] at 3:24–26 (stating that, "[o]n September 29, 2014, after Plaintiff filed his Opposition, CallFire was able to obtain Defendant Shac's discovery responses from Defendant Shac's counsel").) Presumably, CallFire raises this point to get around the general rule that new evidence is not to be submitted with a reply brief. Despite CallFire's assertion that it did not receive a copy of these responses until September 29, the record in this action demonstrates otherwise. As reflected on the Proof of Service for Plaintiff's First Amended Complaint—the pleading adding CallFire to this action—Plaintiff personally served CallFire's registered agent with virtually the entire case file on August 22, 2014, including all exchanged discovery requests and responses. (Proof of Service – Summons & Compl. [ECF No. 48] at 1, 3–4.) Misrepresentations like this are precisely why the doctrine of judicial notice must be used only in the proper manner prescribed by the Federal Rules of Evidence.

Supp. of Defs. CallFire & Club Texting, Inc.'s Mot. to Dismiss First Am. Compl. [ECF No. 52-1] ¶ 7 & Ex. A (attaching various Terms of Service).) Just because there may be no dispute as to whether Shac's discovery responses are what they purport to be—namely, Shac's discovery responses—and just because those discovery responses refer to certain Terms of Service, that does not mean that the Terms of Service submitted to the Court by an entirely different entity (here, CallFire) are the same Terms of Service to which Shac was referring in its discovery responses.[4] Indeed, even if those were the Terms to which Shac was referring, there is nothing before the Court indicating that CallFire always, without fail, adhered to those Terms during the entirety of the relevant period, *i.e.*, that CallFire's practice never deviated from the articulated policy, at least with respect to the services that it performed for Shac. Plaintiff therefore objects to the notion that Shac's discovery responses (Exhibit F) may be used to circumvent one of the applicable incorporation-by-reference elements.

## *III. Conclusion.*

For the foregoing reasons, Plaintiff objects to Exhibits A through F submitted with CallFire's reply papers.

Dated: October 7, 2014

JAURIGUE LAW GROUP

/s/ *David Zelenski*

Michael J. Jaurigue
Abigail A. Zelenski
David Zelenski
Christine M. Pham
*Attorneys for Plaintiff*

---

[4] This very problem was discussed in Plaintiff's opposition Memorandum. (See Pl.'s Opp'n [ECF No. 57] at 14:6–22 (explaining that "[t]here is nothing in the Thinakaran Declaration . . . indicating that these were, in fact, the Terms of Service in effect during the time that Plaintiff received the at-issue text message," especially given that, "according to the Terms of Service themselves, CallFire 'reserve[s] the right to change these Terms from time to time'").)