*E-Filed: October 17, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JOHN LUNA,

          Plaintiff,

   v.

SHAC, LLC, dba SAPPHIRE
GENTLEMEN'S CLUB; et al.,

        Defendants.

_____/

No. C14-00607 HRL

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS THE FIRST
AMENDED COMPLAINT**

**[Re: Docket No. 52]**

John Luna sues Shac, LLC, dba Sapphire Gentlemen's Club, Club Texting, Inc. and CallFire, Inc. for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. CallFire and Club Texting move to dismiss the claims against CallFire under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 52. Plaintiff filed an opposition and CallFire filed a reply. Dkt. Nos. 57, 60. All parties have expressly consented to having all matters proceed before a magistrate judge. The motion is deemed suitable for determination without oral argument. The October 21, 2014 hearing is vacated. Civ. L.R. 7-1(b). Based on the moving and responding papers, the Court denies the motion to dismiss.

**BACKGROUND**

Plaintiff brings this proposed class action against Shac, Club Texting,[1] and CallFire, alleging violations of the TCPA.[2] In January 2014, Plaintiff received an unsolicited text message on his

_____

[1] Club Texting has been voluntarily dismissed from this action.

**United States District Court**
For the Northern District of California

cellular telephone from Defendants.  FAC ¶ 10.  "Defendants Club Texting and Callfire were hired and/or retained by Defendant Shac to send his text-message . . . on Defendant Shac's behalf." *Id*. ¶ 10.  "Defendants entered [Plaintiff's] cellular-telephone number into a database and subsequently used equipment capable of storing and/or producing telephone numbers, as well as capable of dialing such numbers, to send the text message *en masse* to consumers, including Plaintiff." *Id*. ¶ 13.  "Defendant Shac retained the right to control—and, in fact, did control—the content of those messages, as well as to whom Defendants Club Texting and Callfire delivered the messages." *Id*. ¶ 10.

This action was filed in February 2014.  The First Amended Complaint (the operative complaint) asserts one claim against all Defendants: violation of the TCPA.  CallFire filed the present motion to dismiss on September 11, 2014.  Dkt. No. 52.  Plaintiff filed an opposition and CallFire filed a reply.  Dkt. Nos. 57, 60.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.  *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant.  *Id.*  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

///

///

///

---

[2] Unless otherwise stated, the following facts are from Plaintiff's First Amended Complaint and assumed to be true for purposes of this motion.  *See* Dkt. No. 44.

**DISCUSSION**

**A.  Motion to Dismiss**

Under the TCPA, it is "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service."  47 U.S.C. § 227(b)(1)(A)(iii).  To "make" a call means to be the person or entity that initiates it.  *See* 47 C.F.R. § 64.1200(a)(1)(iii) (it is unlawful to "initiate any telephone call" via an automatic telephone dialing system to a cellular telephone service without the recipient's prior express consent).  Under the TCPA, a text message is a "call".  *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).  If an individual receives more than one call within a twelve month period from a party in violation of the Federal Communications Commission ("FCC")'s regulations, the TCPA creates a private right of action for damages.  47 U.S.C. § 227(c)(5).

CallFire argues: (1) Plaintiff failed to allege that CallFire initiated the call; (2) CallFire could not be the party that initiated the call because of the way its service works; (3) TCPA liability is limited to those who initiate a call, and a common carrier that simply transmits its customers' messages does not initiate calls; and (4) this case should be referred to the FCC under the primary jurisdiction doctrine.

In regards to the first argument, the FAC alleges that CallFire initiated the calls.  Plaintiff alleges that "Callfire were hired and/or retained by Defendant Shac to send his text-message, along with the other text messages described below, on Defendant Shac's behalf."  FAC ¶ 10.  In addition, Plaintiff alleges that "Defendants entered [Plaintiff's] cellular-telephone number into a database and subsequently used equipment capable of storing and/or producing telephone numbers, as well as capable to dialing such numbers, to send the text message *en masse* to consumers, including Plaintiff."  *Id*. ¶ 13.

The second, third, and fourth arguments are nearly identical to the arguments that CallFire has made in motions to dismiss filed in similar actions brought against CallFire in other districts

United States District Court
For the Northern District of California

within the Ninth Circuit.  *See Couser v. Pre-Paid Legal Services, Inc.*, No. 12-CV-2575 LAB (WVG), Dkt. No. 28 (S.D. Cal. Aug. 16, 2013); *Shay v. Callfire, Inc.*, No. 14-CV-1257 L (WVG), Dkt. No. 4 (S.D. Cal. June 18, 2014); *Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, No. C13-1347 JCC, Dkt. No. 58 (W.D. Wash. June 26, 2014); *Kauffman v. Callfire, Inc.*, No. 14-CV-1333 H (DHB), Dkt. No. 5 (S.D. Cal. Aug. 15, 2014).

The courts in two of these cases analyzed the arguments presented here.[3]  This Court is persuaded by the thoughtful and thorough analysis in *Couser v. Pre-Paid Legal Services, Inc.*, 994 F. Supp. 2d 1100 (S.D. Cal. 2014).  First, *Couser* rejected CallFire's argument that it could not be the party that initiated the call because of the way its service works, reasoning that the relationship between CallFire and its customers is too fact-intensive to resolve at the motion to dismiss phase. *Id.* at 1103.  Second, *Couser* rejected CallFire's argument that it is a common carrier that cannot be found liable under the TCPA.  *Id.* at 1103-05.  The court reasoned that the legislative history CallFire relied on was inconclusive, the FCC rulings addressed a different TCPA rule than the one at issue there, and there had not been sufficient discovery conducted to conclude that CallFire is a common carrier.  *Id.*  Third, *Couser* rejected CallFire's argument that the case should be referred to the FCC under the primary jurisdiction doctrine, also on the basis that there had not been sufficient discovery conducted to conclude that CallFire is a common carrier.  *Id.* at 1105-06.  This Court finds the analysis in *Couser* convincing, and follows suit.  *See also Rinky Dink Inc. v. Elec. Merch. Sys. Inc.*, No. C13-1347 JCC, Dkt. No. 78 (W.D. Wash. Sept. 30, 2014) (adopting the court's reasoning in *Couser*).

**B.  Requests for Judicial Notice**

In support of its motion, CallFire requests that the Court take judicial notice of: (1) the FCC Form 499 Filer Database Listing for CallFire; (2) CallFire's Terms of Service; and (3) portions of

---

[3] The plaintiff in *Shay* voluntarily dismissed the action against CallFire before the court ruled on the motion to dismiss.  *Shay v. Callfire, Inc.*, No. 14-CV-1257 L (WVG), Dkt. No. 6 (S.D. Cal. June 27, 2014).  The court in *Kauffman* granted the motion to dismiss on the basis that the plaintiff failed to allege that CallFire initiated the call, and declined to address the arguments that CallFire could not be the party that initiated the call because of the way its service works, that CallFire is a common carrier that could not be found liable under the TCPA, and that the case should be referred to the FCC under the primary jurisdiction doctrine.

**United States District Court**
For the Northern District of California

the declaration of Shahriyar Neman.  Dkt. No. 52-4.  Plaintiff opposes CallFire's request as to the second and third documents.  *See* Opp. at 5-6.  CallFire's request is granted as to the first document, and denied as to the second and third documents.  *See* Fed. R. Evid. 201(b).

Plaintiff requests that the Court take judicial notice of various court documents filed in *Couser*, *Shay*, *Rinky Dink*, and *Kauffman*.  Dkt. No. 58.  Plaintiff's request is granted for the purposes of noticing the existence of the lawsuits and the claims made therein. *See In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010).

CallFire's request for judicial notice filed in support of its reply, Dkt. No. 61, is denied.  *See Ojo v. Farmers Grp., Inc.*, 565 F.3d 1175, 1185 n.13 (9th Cir. 2009) ("[I]t is generally improper for the moving party to introduce new facts or different legal arguments in the reply brief beyond those that were presented in the moving papers." (internal quotation marks and alterations omitted)).

**CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss the claims against CallFire is denied.

**IT IS SO ORDERED.**

Dated: October 17, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C14-00607 HRL** N**otice will be electronically mailed to:**

Abigail Ameri Zelenski     Abigail@jlglawyers.com

Christine Marie Pham     christine@jlglawyers.com

David Zelenski     david@jlglawyers.com

Imran A. Khaliq     imran.khaliq@arentfox.com, mia.gimenez@arentfox.com, telecomlit@arentfox.com

Mark Ernest Ferrario     ferrariom@gtlaw.com, lvlitdock@gtlaw.com, rosehilla@gtlaw.com

Michael Brian Hazzard     Michael.Hazzard@arentfox.com

Michael Joe Jaurigue     michael@jauriguelaw.com

Stephanie Danielle Ahmad     ahmads@gtlaw.com, SFOLitDock@gtlaw.com, tasistaj@gtlaw.com

Tyler Ryan Andrews     andrewst@gtlaw.com, bonnerc@gtlaw.com, heilichj@gtlaw.com, lvlitdock@gtlaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

United States District Court
For the Northern District of California

6