Mark E. Ferrario
California Bar No. 104062
Tyler R. Andrews
California Bar No. 250686
Greenberg Traurig, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
ferrariom@gtlaw.com
andrewst@gtlaw.com

*Counsel for Defendant SHAC, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOHN LUNA, individually and on behalf of all others similarly situated,

Plaintiffs,

*vs.*

SHAC, LLC dba SAPPHIRE GENTLEMEN'S CLUB, a Nevada corporation, CLUB TEXTING, INC., a corporation; and CALLFIRE, INC., a corporation,

Defendants.

CASE NO. CV 14-607 HRL

**DEFENDANT SHAC, LLC'S OPPOSITION TO PLAINTIFF JOHN LUNA'S MOTION FOR ADMINSITRATIVE RELIEF TO FILE SECOND NOTICE OF NEW AUTHORITY**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's administrative motion to submit new authority should be denied because the proposed new authority is neither controlling precedent nor persuasive to the issues currently before the Court. Indeed, the FCC's recent Declaratory Ruling and Order, released on July 10, 2015 ("FCC Ruling") is a red herring because the central "human intervention" issue discussed at length in SHAC's summary judgment motion and at oral argument is not even addressed by the FCC's opinion. To the contrary, both the FCC Ruling and its dissent make clear that the FCC did not elaborate on what constitutes human intervention and instead left that issue for the courts to determine "on a case by case basis." Further, the Ruling is not retroactive and therefore has no bearing on SHAC's prior conduct. In any event, the FCC Ruling is irrelevant because – as previously argued – the FCC has never purported to "re-define" an ATDS, which the Ninth Circuit has held to be a "clear and unambiguous" definition under the TCPA itself.

Put simply, the FCC Ruling does not relate to the issues currently before the Court nor does it present any new authority in Luna's favor.[1] As such, the administrative motion should be denied.

## II. ARGUMENT

Leave to submit additional authority is something that "should be exercised sparingly…If a decision is not an on-point, controlling precedent, it must at least be a highly persuasive decision on an issue of particular importance that it is not otherwise cumulative of the cases that have already been submitted." *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909-10 (N.D. Cal. 2011) *aff'd*, 495 F. Appx 830 (9th Cir. 2012). Here, Luna's proposed new authority is neither binding nor persuasive, and actually reinforces SHAC's position that summary judgment in this matter is warranted.

//

[1] In fact, by leaving the human intervention analysis to the courts, and in stating that any new rule purporting to broaden the scope of an ATDS is not retroactive but effective "upon release," the recent FCC Ruling actually strengthens SHAC's position that its prior conduct cannot possibly be subject to TCPA liability.

**A. <u>The FCC Ruling Is Not "Highly Persuasive"</u>**

The primary issue discussed at the June 23, 2015 oral argument on SHAC's summary judgment motion was whether the substantial human intervention required to send text messages to SHAC's customers precludes liability in this case. Even if the FCC's various TCPA opinions are found to apply to this case, the FCC itself has previously made clear that "'…the capacity to dial numbers *without human intervention* is required' before any liability under the TCPA can apply." *See Glauser v. GroupMe, Inc.*, 2015 WL 475111 at *10 (N.D. Cal. Feb. 4, 2015) (*citing* 23 F.C.C.R 559, 566 (2008), 27 F.C.C.R. at 15392 n.5 (2012)).

The recent FCC Ruling adds nothing to this already fully-briefed "human intervention" argument, nor does the FCC Ruling cast any doubt upon the numerous previous holdings (including several from this District) finding that human intervention in systems similar to those used by SHAC barred liability under the TCPA. Indeed, rather than setting up any new rules or guidelines on the issue, the recent FCC Ruling expressly states that "human intervention" must be determined on a case-by-case basis:

> <u>[T]he Commission has also long held that the basic functions of an autodialer are to "dial numbers without human intervention</u>" and to "dial thousands of numbers in a short period of time." How the human intervention element applies to a particular piece of equipment is specific to each individual piece of equipment, based on how the equipment functions and depends on human intervention, <u>and is therefore a case-by-case determination.</u>

FCC Ruling at ¶17 (Docket 101 at 24-25) (emphasis added), *see also* Order at 128-129 (Docket 101 at 139-140) (O'Reilly, dissenting in part that "there is litigation around the country regarding the level of human intervention. *Yet the order refuses to provide any additional clarity*, claiming that this must be done through a case-by-case determination.")

As previously argued, Courts throughout the Ninth Circuit and this District have disposed of TCPA lawsuits based on the same or even substantially less human intervention than SHAC's conduct at issue in this case. For example, in *Gragg v. Orange Cab Co.*, 995 F. Supp. 2d 1189 (W.D. Wash. 2014), the court ruled against Plaintiff and found the text message system was not

an ATDS even where the *only* human intervention was a cab driver clicking "accept" on a computer screen within their cab. *Id.* Unlike SHAC's manually drafted, targeted, curated, uploaded, and scheduled messages here, even the content of text messages in *Gragg* were computer generated and sent automatically to the customer. *See generally*, *Id*; *see also Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1289 (S.D. Cal. 2014) (finding that defendant Crunch – similar to SHAC here –manually uploaded customers' phone numbers into a web-based platform, drafted the text message to be sent, and selected the specific time/date on which the message would be sent, and therefore could not be liable under the TCPA.); *McKenna v. WhisperText*, 2015 WL 428728 at *10-11 (N.D. Cal. Jan . 30, 2015) (uploading customer telephone numbers to a database requires "human curation and intervention" and therefore no TCPA liability, *citing Marks*); *Glauser*, 2015 WL 475111 at *6 (no ATDS and no TCPA liability where the system – just like the one used by SHAC here -- "never sent messages without human intervention.")

Because the FCC Ruling does not change the human intervention standard applicable to this case, it is not persuasive. Thus, the Court should deny Luna's administrative motion.

**B. The FCC Ruling Is Not Controlling Precedent**

**1. The TCPA's Definition of an ATDS Is Clear and Unambiguous**

Luna argues that the FCC Ruling's expanded view of what constitutes an ATDS should be considered because "[t]he FCC's definition of 'automatic telephone dialing system' is binding on this Court under the Hobbs Act." [Adm. Mot. at 3:7-8.] But this very issue was already a primary focus of the briefing before the Court, and the FCC Ruling does not alter or add to the parties' relative positions.[2]

---

[2] SHAC submits that the plain text of the TCPA is all that this Court need consider in its summary judgment analysis, and that the Hobbs Act is inapplicable here. But, as discussed above, whether or not the FCC's various rulings apply to this case has no bearing on the entirely separate "human intervention" argument, which this Court already determined to be the central issue of this case. In other words, even if the FCC's opinions are found to apply to this case under the Hobbs Act, the FCC's own "human intervention" requirement bars any liability against SHAC. The most recent FCC Ruling changes neither of these primary arguments.

As argued in SHAC's Motion, "if the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). In *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009), the Ninth Circuit applied *Chevron* to the TCPA and held that the TCPA's definition of ATDS is "clear and unambiguous" and that "[where] Congress spoke clearly, we need not look to the FCC's interpretations." *Id*. at 953.

As multiple district courts have held, because *Satterfield* found the statutory definition of an ATDS "clear and unambiguous," any FCC interpretation to the contrary – including the recent FCC Ruling -- is not binding on this court. *Marks v. Crunch San Diego, LLC*, 55 F. Supp. 3d 1288, 1291 (S.D. Cal. 2014) (holding that the FCC's 2012 commentary interpreting the definition of ATDS "does not bind the courts" because the definition of ATDS is clear and unambiguous.); *Dominguez v. Yahoo!, Inc.*, 8 F. Supp. 637, 643 n.6 (E.D. Penn. 2014) ("In light of the Ninth Circuit's determination, in *Satterfield*, that the statutory text of the TCPA regarding the definition of an ATDS is 'clear and unambiguous,' we are not bound by the FCC's interpretation.") As a result, the FCC Ruling is not "controlling precedent."

**2. The FCC Ruling is Not Retroactive**

Assuming *arguendo* that the FCC's opinions were applicable here, the most recent FCC Ruling is not retroactive and therefore cannot apply to SHAC's prior conduct. As the Supreme Court has stated, "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988). Moreover:

> Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place has timeless and universal appeal."

*Landgraf v. USI Film Products*, 511 U.S. 244, 265 (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 855 (Scalia, J., concurring).

Here, the FCC Ruling plainly states: "[t]his Declaratory Ruling and Order shall be effective upon release." [Order ¶188 (Docket at 101 at 91).] The Order was released on July 10, 2015. Nothing in the Order indicates any retroactive application. This case was filed on February 7, 2014, more than a year before the FCC Ruling was released, and SHAC has undisputedly ceased any of the text-messaging conduct at issue since the date this case was filed. As a result, the FCC Ruling is neither binding on this Court nor persuasive to Luna's argument, and actually supports granting summary judgment in favor of SHAC.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Luna's motion for administrative relief.

DATED: July 17, 2015

Respectfully submitted,

GREENBERG TRAURIG, LLP

By /s/Tyler R. Andrews
Mark E. Ferrario
Tyler R. Andrews
Attorneys for defendant,
SHAC, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was duly served upon the Plaintiff through his counsel, by means of electronic delivery through CM/ECF, on the date indicate below:

Served electronically through CM/ECF:

Michael J. Jaurigue, Esq. Michael@jlglawyers.com
Abigail A. Zelenski, Esq. abigails@jlglawyers.com
David Zelenski, Esq. david@jlglawyers.com

DATED this July 17, 2015

/s/ Lee Hutcherson
AN EMPLOYEE OF GREENBERG TRAURIG, LLP